**FILED**
**United States Court of Appeals**
**Tenth Circuit**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

**August 10, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

_____

EDWARDS LIFESCIENCES LLC, a
Delaware limited liability company;
EDWARDS LIFESCIENCES
CORPORATION, a Delaware corporation,

    Plaintiffs - Appellees,

v.

MICHAEL THOMPSON,

    Defendant - Appellant.

No. 25-1278
(D.C. No. 1:24-CV-02558-RMR-KAS)
(D. Colo.)

_____

ORDER AND JUDGMENT[*]

_____

Before **EID**, **EBEL**, and **FEDERICO**, Circuit Judges.

_____

After two separate stints as a salesman for Appellee Edwards Lifesciences

LLC ("Edwards"), Appellant Michael Thompson twice left to join a competitor.

When Thompson left the second time, to sell a product that competed with one he

had previously sold for Edwards, Edwards brought suit in the District of Colorado to

enforce its employment contract with Thompson.  Edwards alleged Thompson

violated the non-competition and non-solicitation provisions of his contract, each of

which had eighteen-month effective periods after Thompson left the company.

---

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Edwards also alleged Thompson violated the non-disclosure provision of his contract, which runs in perpetuity. While the case proceeded in the district court, Edwards sought a preliminary injunction to enforce the contract provisions. The district court granted the preliminary injunction, to expire on the same date that the non-competition and non-solicitation contract provisions expired. Thompson appealed the district court's order, but while that appeal unfolded, the preliminary injunction ran its course. Because Thompson is no longer constrained by the preliminary injunction, the sole ground for appeal, his appeal is moot.

## I. BACKGROUND

Thompson sells cardiac medical devices. Aplt. Br. at 2. Thompson first worked for Edwards from 2012 to 2021. Id. at 5-6. Then, he left for competitor Abbott Laboratories, at which point Edwards raised no concerns because he was selling a non-competing device. Id. at 6. Thompson returned to Edwards from July 2022 to July 15, 2024, when he again left for Abbott, this time to sell a competing device.[1] Id. at 6, 9. In Thompson's employment contract with Edwards, there were three provisions creating the covenant at issue: 1) an eighteen-month non-competition period in which he could not directly compete with Edwards' products, 2) an eighteen-month non-solicitation period in which he could not solicit Edwards' customers that he had serviced in the previous year, and 3) an indefinite

---

[1] We will not restate the allegations relating to the nature of the products sold nor Thompson's work on them for either Edwards or Abbott, as these facts are ultimately irrelevant to the mootness question decided herein.

confidentiality period in which Thompson could not use or disclose Edwards' confidential information, including: trade secrets; data regarding vendors, customers, sales, and pricing; and information regarding suppliers, competitors, and customers. Dist. Ct. Order at 11.

Edwards sued Thompson for misappropriating trade secrets, under federal and state law, and breaching his contract through his work for Abbott. Id. at 18-19. Edwards sought permanent injunctive relief and compensatory damages based on allegations that Thompson provided customer pricing and preference information to Abbott, accessed Edwards' confidential product information in the lead up to his departure, and solicited restricted customers.[2] Id. at 15-18. Additionally, while the district court case unfolded, Edwards moved for a preliminary injunction barring Thompson from violating the contract. Id. at 1-2. The district court granted the preliminary injunction on June 18, 2025, to run until January 15, 2026—the day that the eighteen-month effective periods for the non-competition and non-solicitation contract provisions expired. Id. at 39-40. So, the preliminary injunction would ensure that these provisions were enforced throughout the remainder of their duration, but once they expired, neither the contract itself nor the preliminary injunction would bar Thompson from competing with Edwards' products and soliciting Edwards' customers. The employment contract would, of course, still prohibit Thompson from disclosing confidential information going forward.

---

[2] Again, the facts relating to Thompson's violations of the contract provisions, disputed in the proceedings below, are not relevant to the question before us.

Thompson then appealed the grant of a preliminary injunction, arguing the district court erred in three ways: 1) by finding Edwards was substantially likely to succeed on the merits of the non-competition issue, 2) by finding Edwards would suffer irreparable harm, and 3) by granting an unnecessarily broad injunction that barred all sales to Edwards' customers anywhere in the country.  Aplt. Br. at 1.  Thompson filed his appeal on July 18, 2025.  After submitting his initial brief on September 22, 2025, the last day to do so including a one-week extension, Order Granting Mot. to Extend Time, Thompson filed a motion to expedite his appeal on December 1, 2025.  Mot. of Aplt. to Expedite Appeal at 8.  Before this court heard his appeal, the preliminary injunction expired.  At that point, Edwards moved to dismiss the appeal as moot.  Aple. Mot. for Summ. Disposition at 1.  Without conceding mootness as to the preliminary injunction, Thompson now shifts focus and urges this court to weigh in on the district court's interpretation of "trade secrets" for purposes of his ongoing non-disclosure obligation under the employment contract.  Resp. of Aplt. to Mot. for Summ. Disp. at 5.

## II. ANALYSIS

"Constitutional mootness doctrine is grounded in the Article III requirement that federal courts may only decide actual ongoing cases or controversies."  Seneca–Cayuga Tribe of Okla. v. Nat'l Indian Gaming Comm'n, 327 F.3d 1019, 1028 (10th Cir. 2003) (internal quotation omitted).  "If the issues in a case before us are no longer live," such as when "an event occurs while a case is pending on appeal" that renders the case moot, we must dismiss the case.  Prier v. Steed, 456 F.3d 1209, 1212

4

(10th Cir. 2006) (internal quotations omitted).  Generally, appellate courts only have jurisdiction to review "final decisions of the district courts."  28 U.S.C. § 1291. Though this court may review the grant of a preliminary injunction as an interlocutory order, 28 U.S.C. § 1292, to weigh in on the underlying merits of an ongoing dispute in the district court would be premature.

Thompson asserts that this appeal is still alive because the district court errantly ascribed too broad a scope to "trade secrets" in its preliminary injunction order, considering his "generalized customer information" a trade secret such that he cannot operate as a salesman without using this knowledge.  Resp. of Aplt. to Mot. for Summ. Disposition at 15.  And he argues that he is still under the effect of the district court's erroneous interpretation because, while the preliminary injunction itself is no longer in force, he fears the district court will apply the same allegedly errant interpretation of "trade secrets" when it decides the underlying misappropriation and breach of contract dispute.  Id. at 5.  The problems with Thompson's argument are two-fold.

First, by its own terms, the preliminary injunction dissolved on January 15, 2026, meaning Thompson is no longer bound by it; for that reason, his appeal as to the non-disclosure issue is moot.  See Fleming v. Gutierrez, 785 F.3d 442, 445 (10th Cir. 2015) ("In the case of an interlocutory appeal taken from the grant of a preliminary injunction, the appeal is moot where the effective time period of the injunction has passed." (internal quotation omitted)).  While the non-disclosure provision of the contract itself is not moot and Thompson is still likely bound by it,

5

that was true regardless of the preliminary injunction and is just as true for any other potential plaintiff who signed a non-disclosure agreement. By contrast, the preliminary injunction, the sole issue raised on appeal, is separate and Thompson no longer has any obligations thereto. Thus, this court cannot provide any relief at this time on the claim for relief as sought.

Second, the ongoing obligation Thompson has under his employment contract has not yet been finally passed upon by the district court; the district court's preliminary injunction did not rule conclusively on what qualified as a trade secret, it only determined that Edwards was likely to succeed on the merits of its claim. See, e.g., Univ. of Tex. v. Camenisch, 451 U.S. 390, 394 (1981) (distinguishing preliminary injunction "likelihood of success" finding from "success" required for relief at trial); Dist. Ct. Order at 32. Any interpretation of trade secrets the district court made in its preliminary injunction order has no preclusive effect on its eventual final judgment. Id. at 395 ("[T]he findings of fact and conclusions of law made by a court granting a preliminary injunction are not binding at trial on the merits."). Without a final judgment of the district court as to what qualifies as a "trade secret" to review, this court has no appellate jurisdiction. That issue is the subject of ongoing litigation below, and Thompson will have an opportunity to appeal once the district court finally resolves the matter. Thompson may fear that if he continues to disclose information to Abbott, the district court will ultimately consider it a violation of the non-disclosure provision and award damages to Edwards. This, however, is no different than the calculated risks potential litigants take every day,

6

knowing that there may be consequences if they engage in conduct that a court subsequently deems tortious, criminal, or violative of a contract.

Finally, we will briefly address Thompson's argument that his injury—i.e., the allegedly unlawful preliminary injunction order—meets the criteria for the "capable of repetition, yet evading review" exception to mootness.  See, e.g., Rio Grande Found. v. Oliver, 57 F.4th 1147, 1166 (10th Cir. 2023); Resp. of Aplt. to Mot. for Summ. Disposition at 11.  Thompson states that the district court might simply enter another preliminary injunction that limits his ability to use his sales knowledge by categorizing such knowledge as a "trade secret," which again may be too short in duration to permit the appellate process to run its course.  Id. at 14-15.  Thompson's argument fails on one, if not both, prongs of that exception.

To begin, it is not clear that his injury is capable of repetition.  Thompson must demonstrate a "reasonable expectation" that "the same injury" will recur.  Rio Grande, 57 F.4th at 1166 (quoting Marks v. Colo. Dep't of Corr., 976 F.3d 1087, 1093–94 (10th Cir. 2020)).  Because the non-competition and non-solicitation provisions are no longer in force, any new preliminary injunction would necessarily differ in its terms, as it would be limited to the non-disclosure provision, which Thompson previously conceded was valid.  See ECF No. 79 ¶ 66 ("Proposed Findings of Fact and Conclusions of Law Regarding Motion for Preliminary Injunctive Relief by Defendant Michael Thompson").  Thompson also has not pointed our attention to any cases in which a preliminary injunction was considered to have met this requirement.

We need not conclusively decide whether the injury is capable of repetition, however, because it is unlikely that a renewed injury would again evade judicial review. First, the reason for the January 15, 2026 expiration date was to coincide with the termination of the effective period for the non-competition and non-solicitation provisions. Since those are no longer enforceable, there is no reason to think the district court would enter another preliminary injunction that would expire before the resolution of trial. Second, Thompson is not without fault for the duration of his appeal. He did not file an appeal for an entire month after the entry of the preliminary injunction order. He then sought an extension to the briefing schedule before this court. Additionally, Thompson did not seek to expedite this case until December 1, 2025, one and a half months before the preliminary injunction's expiration, despite filing his appeal on July 18, 2025.

Thompson alternatively asks us to vacate the district court's underlying preliminary injunction order if we find his appeal moot. "In the case of interlocutory appeals[,] the usual practice is just to dismiss the appeal as moot and not vacate the order appealed from." Fleming v. Gutierrez, 785 F.3d 442, 449 (10th Cir. 2015) (quoting In re Tax Refund Litig., 915 F.2d 58, 59 (2d Cir. 1990)). Because the injunction here has expired by its own terms, we will adhere to our usual practice and decline to vacate the district court's order.

Thompson's appeal is DISMISSED.

Entered for the Court


David M. Ebel
Circuit Judge